UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCE LOZANO,

    Plaintiff,

v.                                Case No.:   8:23-cv-1508-UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# **ORDER**

Plaintiff challenges the December 7, 2022 denial of her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) relying on a doctor's note indicating that Plaintiff could drive, when other evidence indicated, or hypothetically could have indicated if gathered, that Plaintiff could not drive (Doc. 23, p. 5), and (2) relying on the vocational expert's testimony about jobs available in the national economy to which Plaintiff's skills could be transferred without asking the expert how similar those jobs were to Plaintiff's prior work (*id.* pp. 6–7). Having reviewed the parties' briefing and the record below, I find the ALJ's decision was based on substantial evidence and employed proper legal standards. I affirm.

1

**I.    Procedural History**

Plaintiff, who was born in 1961, obtained a GED and previously worked as an automobile salesperson. R. 195, 202, 230. On February 8, 2021, Plaintiff applied for a period of disability, DIB, and SSI, alleging disability beginning December 31, 2013. R. 195-208. Plaintiff initially alleged his disability resulted from herniated discs in his neck and back. R. 229.

The Commissioner denied Plaintiff's claims both initially and upon reconsideration. R. 101-110, 118-127. Plaintiff then requested an administrative hearing. R. 147. The ALJ conducted a hearing at which Plaintiff and a vocational expert testified. R. 38-71.

Following the hearing, the ALJ used the Social Security Regulations' five-step, sequential evaluation process to determine whether Plaintiff was disabled. R. 19-33. That process analyzes:

1) Whether the claimant is currently engaged in substantial gainful activity (if so, he is not disabled);

2) If not, whether the claimant has a severe impairment or combination of impairments (if not, he is not disabled);

3) If so, whether the impairment(s) meet(s) or equal(s) the severity of any of the specified impairments in the Listing of Impairments (if so, he is disabled);

4) If the impairment does not, whether, based on a residual functional capacity ("RFC") assessment, the claimant can perform any of his past relevant work despite the impairment (if so, he is not disabled); and

5) If not, whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience (if so, he is not disabled).

20 C.F.R. § 416.920(a)(4)(i)-(v).

Following the hearing, the ALJ concluded that:

1) Plaintiff had not engaged in substantial gainful activity since December 31, 2013, the alleged onset date. R. 22.

2) Plaintiff did have severe impairments, specifically, lumbar spine stenosis and other spine disorders, obesity, and osteoarthritis. *Id.*

3) Notwithstanding the noted impairments, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 25.

4) Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with additional exertional and non-

3

exertional limitations, but no limitation prohibiting Plaintiff from driving. *See* R. 69.

5) Based on Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert ("VE"), Plaintiff could perform his past relevant work as an automobile salesperson. R. 32.

6) Because the ALJ found Plaintiff was able to perform his past relevant work, the ALJ did not make a step-five finding as to whether Plaintiff could perform other work in the national economy, but noted that the VE indicated he could perform such work. *Id.*

Accordingly, based on Plaintiff's age, education, work experience, and RFC, and the testimony of the VE, the ALJ found Plaintiff was not disabled. *Id.*

Following the ALJ's ruling, Plaintiff requested review from the Appeals Council, which denied it. R. 1-6. Plaintiff then timely filed a complaint with this Court. Doc. 1. Plaintiff filed a brief opposing the Commissioner's decision (Doc. 23), and the Commissioner responded (Doc. 24). Plaintiff did not file a reply. The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Standard of Review

The Court reviews the ALJ's decision with deference to its factual findings, but no such deference to its legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations

4

omitted); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) ("With respect to the Commissioner's legal conclusions, . . . our review is *de novo*."). The Court must uphold a determination by the Commissioner that a claimant is not disabled if the determination is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is merely "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curium)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if the Court finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

That said, the ALJ must state the grounds for her decision with enough clarity to enable the Court to conduct meaningful review of the standards she employs. *See Keeton*, 21 F.3d at 1066 (we must reverse when the ALJ has failed to "provide the reviewing court with sufficient reasoning for determining that

5

the proper legal analysis has been conducted"); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

In making its decision, the Court must review the entire record. *Id.*; *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citing *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987)).

### III. Analysis

a. The ALJ's finding that Plaintiff could perform a job that required him to drive is supported by substantial evidence within a properly developed record.

The ALJ found Plaintiff capable of performing his past relevant work as an automobile salesperson. R. 32. Under the Dictionary of Occupational Titles ("DOT"), an automobile salesperson:

> Sells new or used automobiles, trucks, and vans on premises of vehicle sales establishment: Explains features and *demonstrates operation of car in showroom or on road.* Suggests optional equipment for customer to purchase. Computes and quotes sales price, including tax, trade-in allowance, license fee, and discount, and requirements for financing payment of vehicle on credit.

DICOT 273.353-010, 1991 WL 672465 (emphasis added). In other words, the job requires driving.

Plaintiff argues that the ALJ erred in finding that Plaintiff could drive and thus that he could sell cars. (Doc. 23, p. 5.) Plaintiff does not assert in his brief, or cite to any evidence in the record showing, that he is unable to drive. Rather, Plaintiff argues that, when he testified that he did not drive or have a

6

license, this should have prompted the ALJ to investigate whether Plaintiff was unable to drive based on the side effects of Plaintiff's medications. I disagree.

### i. Hearing Testimony

At the administrative hearing before the ALJ, the Vocational Expert ("VE") testified that a person with Plaintiff's RFC could perform Plaintiff's past work as an automobile salesman as he actually performed it and as it was generally performed in the national economy. R. 66-67. Plaintiff's attorney asked the VE whether an individual with Plaintiff's limitations, but who was also unable to drive because of the side effects of medications, would be capable of performing the job of an automobile salesperson. R. 69. The VE testified "[i]f the individual was not able to drive, then they would not be able to do the salesperson automobiles occupation." *Id*.

In response to the ALJ's questions about Plaintiff's medications, Plaintiff testified that he took Morphine and Hydrocodone for pain and that the medications made him "very tired. I guess more tired than – I don't know, it's hard to tell." R. 56, 58. Plaintiff did not indicate that the medication prevented him from driving.

In response to a separate line of questioning, Plaintiff testified that he did not drive. R. 47. The ALJ asked Plaintiff why he did not drive, and Plaintiff stated, "I don't have a driver's license and I don't have a vehicle." *Id*. In other

7

words, when the ALJ asked questions to further develop the record on this issue, Plaintiff suggested that logistical barriers, not physical ones, precluded his driving. Plaintiff did not link the issue to fatigue or medication. Indeed, he gave no indication that he was incapable of driving.

    ii. <u>Evidence of Driving and Side Effects from Medications</u>

  The underlying records show that Plaintiff regularly reported to his treatment providers that he experienced no side effects—driving related or otherwise—from his medications. *See, e.g.*, R. 314, 317, 320, 323, 326, 331, 334, 337, 340, 343, 346, 373, 382. Likewise, during his initial application for disability benefits, Plaintiff did not include side effects or fatigue as a condition that limited his ability to work. R. 195-208, 225-233. He listed only a "herniated neck and back." R. 229.  In Plaintiff's appeal of the Social Security Administration's initial denial of his claim, the only changes in medical condition Plaintiff reported were "depression disorder, hoarding issues, anxiety, memory issues, social anxiety. Back pain in worsening." R. 241. When asked whether he had any new physical or mental conditions, Plaintiff responded "no." *Id*.

  And, Plaintiff affirmatively reported to his providers that he did in fact drive.  For example, during a consultation with Dr. Eniola Owi, Plaintiff reported that he drove to the appointment and that he shopped, cooked, and attended his grandchildren's baseball games. R. 373. Likewise, when Plaintiff

8

saw Dr. Nydia Conrad for a psychological evaluation, he reported driving independently and arrived at the evaluation alone by car. R. 380–381.

### iii. Analysis

The RFC is the most that a claimant "can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). An ALJ must assess the RFC based on "all the relevant evidence in the . . . record," including medical opinions and other medical evidence. *Id.* § 404.1545(a)(1)-(3). The ALJ also "consider[s] descriptions and observations of [a claimant's] limitations from [his] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [the claimant], [his] family, neighbors, friends, or other persons." *Id.* § 404.1545(a)(3).

In forming the RFC, an ALJ may discredit a claimant's subjective complaints. *Moore v. Barnhart*, 405 F.3d 1208, 1212-13 (11th Cir. 2005). However, the ALJ must articulate "explicit and adequate reasons for doing so." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable . . . [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer v.*

9

*Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and alterations omitted). "The question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Commissioner of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, Plaintiff argues that the ALJ's should have included in Plaintiff's RFC a limitation that even Plaintiff did not claim: an inability to drive. I find that the ALJ properly adduced and considered the record and that her exclusion of any driving limitation is supported by substantial evidence.

In assessing Plaintiff's RFC, the ALJ specifically noted that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." R. 27.

Even had Plaintiff claimed an inability to drive, the ALJ discounted Plaintiff's subjective complaints as to his alleged symptoms, finding (1) Plaintiff's claimed limitations were inconsistent with his activities of daily living and (2) the medical evidence, including imaging, testing, treatment notes, and physical and mental status examinations, did not support Plaintiff's claimed disabling functional limitations. R. 30.

10

The ALJ specifically noted Dr. Owi's records wherein Plaintiff reported that he drove, shopped, cooked, and attended his grandchildren's baseball games, and Dr. Conrad's records wherein Plaintiff reported that he drove, managed finances, prepared meals, and did housecleaning. *Id*. The ALJ also cited to Plaintiff's testimony and the January 2022 Function Report, stating Plaintiff reported being able to "perform personal care, drive, shop, manage finances, cook, and clean." R. 30.

The ALJ noted that Plaintiff's prescriptions for Naproxen and Gabapentin were stopped in November 2019 and March 2020, respectively. R. 29. While she noted that Plaintiff reported taking Oxycodone and Morphine at the September 2021 consultation with Dr. Owi, the ALJ also noted that Plaintiff drove to that evaluation. *Id*.

Plaintiff's testimony and the underlying records provide substantial evidence to support the ALJ's exclusion of a driving limitation in Plaintiff's RFC. "To the extent that [Plaintiff] points to other evidence which would undermine the ALJ's RFC determination, [his] contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner] . . . . even if the evidence preponderates against' the decision." *Moore*, 405 F.3d at 1213 n.6 (quoting *Bloodsworth*, 703 F. 2d at 1329) (alterations in original).

I also disagree with Plaintiff's argument that the ALJ was required to inquire further as to whether the side effects of Plaintiff's medications prevented him from driving and to make an explicit finding on that issue. *See* R. 19-33.

In determining whether a claimant's impairments limit his ability to work, the ALJ considers the claimant's subjective symptoms, which can include the effectiveness and side effects of any medications taken for those symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). But, where a represented claimant raises a question as to the side effects of medications but does not otherwise allege the side effects contributed to the alleged disability, the ALJ does not err in failing "to inquire further into possible side effects." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 904 (11th Cir. 2011). ("Because [Plaintiff] was represented by counsel at his hearing, the ALJ was not required to inquire in detail about his alleged side effects.").

Further, the ALJ's obligation to develop the record does not relieve the claimant of the burden of proving he is disabled. *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)). "[T]he claimant must introduce evidence supporting [his] claim that [his] symptoms (including any medication side effects) make [him] unable to work. *Id*. Allegations alone will not establish

disability. *See* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled.").

In suggesting the ALJ had a greater burden to develop the record as to the side effects of Plaintiff's medications, Plaintiff relies on *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981). (Doc. 23, p. 4.) *Cowart* involved a pro se claimant whose right to representation had not been waived. *Cowart*, 662 F.2d at 735. Further, Cowart testified that her disability was caused, in part, by side effects from prescribed medications. *Cowart*, 662 F.2d at 773. Based on Cowart's status and testimony testimony, the Eleventh Circuit found the ALJ failed in his duty to fully develop the record because he neither elicited testimony nor made any findings regarding the effect of Cowart's prescribed medications on her ability to work. *Id.* at 737.

Here, Plaintiff was represented by counsel at the administrative hearing who had the opportunity and obligation to present evidence of Plaintiff's disability. R. 42. Moreover, as discussed above, the ALJ did inquire as to the root cause of Plaintiff's claim that he did not drive. She also inquired into the side effects of Plaintiff's medications. Neither the Plaintiff's testimony nor the underlying record linked the two issues.

Indeed, Plaintiff provides no evidence that his medications created functional limitations beyond those found by the ALJ. Plaintiff identifies no evidence that he complained to his pain management doctors about medication

causing him extreme drowsiness or fatigue. *See Turner v. Commissioner of Social Security*, 182 F. App'x. 946, 949 (11th Cir. 2006) (rejecting plaintiff's argument that the ALJ failed to consider her medication side effects as a separate non-exertional impairment, noting that "the record includes no evidence that [she] consistently complained to her doctors of any side-effects"); *Colon ex rel. Colon v. Social Security Commissioner*, 411 F. App'x. 236, 238 (11th Cir. 2011) (finding credibility of alleged side effects properly discounted when plaintiff's doctors did not report any side effects from his medications, and plaintiff did not complain to them of any side effects).

Rather, the medical evidence indicates Plaintiff did not experience any side effects from medications. *See, e.g.*, R. 314, 317, 320, 323, 326, 331, 334, 337, 340, 343, 346 (stating Plaintiff "did not experience any side effect or allergies to current medication"); R. 373-374 (Plaintiff did not report any issues with side effects to medications); R. 382 (Plaintiff did not report side effects from medications as a psychological or medical symptom).

In sum, I find that substantial evidence supports the ALJ's exclusion of any driving limitation in Plaintiff's RFC. I also find that the ALJ was not required to further investigate, *sua sponte*, the idea that side effects from Plaintiff's medications prevented him from driving, where Plaintiff was represented by counsel and neither the hearing testimony nor the record presented evidence suggesting such a link.

14

> iv. <u>The Vocational Expert's Testimony at Step-Five</u>

Plaintiff next argues that the ALJ erred at step five of the five-step sequential evaluation process in finding that Plaintiff could perform other jobs that existed in significant numbers in the national economy. (Doc. 23, p. 6.) Contrary to Plaintiff's argument, the ALJ did not make a step-five finding. Rather, the ALJ ended her analysis at step-four in finding that Plaintiff could perform his past relevant work. R. 32 ("Because the claimant was able to perform past relevant work, the undersigned stopped short of making a finding that the claimant could perform other work in the national economy . . . ."). Thus, Plaintiff's argument is without merit. *See* 20 C.F.R. § 404.1520(a)(4). ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

## IV. Conclusion

I find the ALJ's decision was based on substantial evidence and employed proper legal standards. For the reasons stated:

(1) The decision of the Commissioner is AFFIRMED.

(2) The Clerk of Court shall enter judgment in the Defendant's favor, terminate any pending motions, and close the case.

ORDERED on September 12, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge